UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE ARK INITIATIVE, DONALD DUERR, SCOTT SCHLESINGER,<br><br>  Plaintiffs,<br>v.<br><br>UNITED STATES FOREST SERVICE CHIEF THOMAS TIDWELL, WHITE RIVER NATIONAL FOREST SUPERVISOR SCOTT FITZWILLIAMS, DEPUTY REGIONAL FORESTER MARIBETH GUSTAFSON, UNITED STATES FOREST SERVICE ROCKY MOUNTAIN REGION,<br><br>  Defendants, and<br><br>ASPEN SKIING COMPANY,<br><br>  Intervenor-Defendant. | Civ. No. 14-cv-00633 JEB |

## MOTION TO STRIKE AMENDED COMPLAINT

**Certificate of Compliance with LCvR 7(m)**

Counsel for Intervenor Defendant Aspen Skiing Company ("Aspen Skiing") has conferred with counsel for the other parties. The Federal Defendants have stated through counsel that they support this motion. Counsel for Plaintiffs have stated through counsel that they oppose this motion.

Aspen Skiing respectfully requests that the Court strike Plaintiffs' Amended Complaint, Dkt. No. 16. Plaintiffs filed it without seeking leave of this Court or defendants' consent as required by Fed. R. Civ. P. 15(a)(2) and then moved for summary judgment on the Amended Complaint two business days later, Dkt. No. 19. Plaintiffs are not entitled to amend their

Complaint under Rule 15(a)(1) "as a matter of course" without leave of this Court because all parties stipulated to an expedited 97-day litigation schedule to resolve Plaintiffs' claims on the merits without the need for a preliminary injunction proceeding, including by agreeing that no ground disturbing activities will take place before August 18, 2014.  Dkt. No. 11.

The Court should strike the Amended Complaint because: Plaintiffs improperly filed the Amended Complaint without leave of Court and hence it has no legal effect; Plaintiffs unduly delayed notifying defendants that they would file the Amended Complaint until day 50 of the 97-day stipulated schedule, only two business days before they moved for summary judgment on the same Amended Complaint; the third claim of the Amended Complaint is in effect a new claim brought by new party Rocky Mountain Wild because this Court previously ruled that the existing Plaintiffs The Ark Initiative and Donald Duerr cannot bring that third claim for relief; the Amended Complaint prejudices Aspen Skiing because Plaintiffs seek to materially change this lawsuit midway through the expedited schedule; and the Amended Complaint is futile because new party Rocky Mountain Wild did not follow the statutory command to exhaust its administrative remedies before seeking judicial review of the Forest Service decision at issue.

The aggregate prejudicial effect to Aspen Skiing of Plaintiffs' gamesmanship and their unjustified delay in amending their pleading midway through the stipulated schedule provides ample grounds for the Court to strike the Amended Complaint and exercise its discretion to withhold leave for Plaintiffs to amend their Complaint.  Requiring Plaintiffs The Ark Initiative, Donald Duerr, and Scott Schlesinger to litigate the original Complaint they filed poses no prejudice to them because it merely requires them to follow their own stipulation.  Rocky Mountain Wild will suffer no prejudice because it may separately file suit to attempt to invalidate the statewide ski area decisions made in the Colorado Roadless Rule.  Rocky

Mountain Wild should not be permitted to hijack this litigation at this advanced stage to transform it into a different lawsuit midway through the stipulated schedule.

Background

This is the third lawsuit filed by Plaintiffs against the Forest Service seeking to prevent Aspen Skiing from providing skiing and snowboarding on Forest Service lands inside Aspen Skiing's ski area special use permit at Snowmass Ski Resort in Pitkin County, Colorado.

In the first lawsuit filed in the District of Colorado in 2006, Plaintiffs The Ark Initiative, Donald Duerr, Alex Forsythe, and Paul Smith alleged that the Forest Service violated federal law when it authorized Aspen Skiing to construct new ski runs and take other actions at Snowmass Ski Resort, including in an area known as Burnt Mountain. The District of Colorado entered judgment in favor of the Forest Service and against the plaintiffs, and the Tenth Circuit affirmed.[1]

In the second lawsuit brought in this Court in 2012, Plaintiffs The Ark Initiative and Donald Duerr alleged that the Forest Service violated federal law and the newly-adopted Colorado Roadless Rule when it authorized Aspen Skiing to remove timber to provide for developed skiing at Burnt Mountain on lands that Plaintiffs believe should be administratively designated by the Forest Service as roadless under the Colorado Roadless Rule. This Court entered summary judgment in favor of the Forest Service and Aspen Skiing and against Plaintiffs, and the D.C. Circuit affirmed.[2]

This Court ruled in the second lawsuit that because Plaintiffs elected not to participate in the 6-year rulemaking process that preceded the Forest Service's 2012 adoption of the Colorado

---

[1] The Ark Initiative v. United States Forest Service, 2010 WL 3323661 (D. Colo. Aug. 18, 2010), aff'd 660 F.3d 1256 (10th Cir. 2011).
[2] The Ark Initiative v. Tidwell, 895 F. Supp.2d 230 (D.D.C. 2012), aff'd 2014 WL 1673124 (D.C. Cir. April 29, 2014).

Roadless Rule, they could not assert claims to invalidate the Rule.  The Court ruled: "Plaintiffs chose not to comment on the [Colorado Roadless] Rule and thus cannot challenge it now."[3]  After Plaintiffs moved for reconsideration and contested the quoted sentence, the Court stated in an Order "[t]he sentence correctly states that Plaintiffs are prohibited from challenging the Rule; it does not block Plaintiffs from challenging applications or interpretations of the Rule."[4]

In this third lawsuit, Plaintiffs' Complaint challenges the 2013 decision by the Forest Service to authorize Aspen Skiing to conduct timber removal on Forest Service lands at Snowmass to complete an "egress trail" for skiers, snowboarders, and ski patrollers to traverse to and from Burnt Mountain and existing ski trails at Snowmass.  Dkt. No. 1.[5]  Plaintiffs allege three claims.  In their first and second claims, Plaintiffs allege that the Forest Service violated the National Environmental Policy Act and the Colorado Roadless Rule when it authorized Aspen Skiing to remove timber to complete the egress trail on Burnt Mountain on lands inside the Snowmass ski area special use permit.[6]  In their third claim, Plaintiffs allege that the Forest Service violated federal law when it adopted the Colorado Roadless Rule because the agency excluded from administrative roadless designation under the same Rule lands statewide that were inside Colorado ski area permits.[7]

---

[3] 895 F. Supp.2d at 243.
[4] The Ark Initiative v. Tidwell, Civ. No. 1:12-cv-01467 (JEB), Dkt. No. 37 at 4 (emphasis in original).  The Court explained that it was applying "'black-letter administrative law that absent special circumstances, a party must initially present its comment to the agency during the rulemaking in order for the court to consider the issue.'"  Id. at 3 (quoting Appalachian Power Co. v. EPA, 251 F.3d 1026, 1036 (D.C. Cir. 2001)).
[5] The egress trail authorized by the Forest Service is shown in orange and yellow on a map attached to Aspen Skiing's intervention pleadings.  Dkt. No. 8 at 8-3.
[6] Complaint ¶¶ 61-70, Dkt. No. 1.
[7] Complaint ¶¶ 71-74, Dkt. No. 1.

Aspen Skiing contends that Plaintiffs may not litigate the third claim because it is a challenge to the Colorado Roadless Rule itself that this Court ruled Plaintiffs are "prohibited" from bringing as a result of their failure to participate in that rulemaking process.[8]

Facts

1. This case has proceeded on an expedited schedule to accommodate the interests of the parties. Plaintiffs filed the Complaint on April 16, 2014. Dkt. No. 1. Counsel for the Federal Defendants entered an appearance six days later, Dkt. No. 4, and Aspen Skiing Company moved to intervene on April 25, 2014, Dkt. No. 7.

2. Counsel for all parties negotiated an expedited schedule and submitted it as a Joint Stipulation less than two weeks after Plaintiffs filed their Complaint. Dkt. No. 11. The Joint Stipulation avoided the need for "emergency injunctive relief," including because it provides that "ground disturbing activities will not take place prior to August 18, 2014." Dkt. No. 11 at 3.

3. The Joint Stipulation put this case on a "rocket docket." It compresses the litigation timeline to a total of 97 days from April 16, 2014, the date Plaintiffs filed their Complaint, to July 22, 2014, the date that the parties will have fully briefed cross-motions for summary judgment for resolution by the Court. Dkt. No. 11 at 3.

4. The Joint Stipulation provides that because this litigation is an action for judicial review under the Administrative Procedure Act, defendants are "excused from filing a responsive pleading to Plaintiffs' Complaint." Dkt. No. 11 at 3.

5. The Joint Stipulation does not authorize Plaintiffs to amend their Complaint at any time. Dkt. No. 11.

---

[8] The Ark Initiative v. Tidwell, Civ. No. 1:12-cv-01467 (JEB), Dkt. No. 37 at 4.

6.        The Court approved the Joint Stipulation by Minute Order entered April 28, 2014.

7.        The Federal Defendants lodged the Administrative Record on May 20, 2014, in accordance with the Joint Stipulation.  Dkt. No. 13.

8.        Two business days before the due date for their motion for summary judgment under the Joint Stipulation, Plaintiffs notified defendants that they were amending their Complaint to add Rocky Mountain Wild as a plaintiff.  Plaintiffs claimed that the amendment did not add new claims, that they were entitled to amend "as a matter of course," and that leave of Court is not required under Fed. R. Civ. P. 15(a)(2).  Exhibit 1.

9.        Plaintiffs filed the Amended Complaint on June 5, 2014.  Four days later, Plaintiffs moved for summary judgment based on the Amended Complaint.  Dkt. Nos. 16, 20.

## Argument

### A.    Plaintiffs May Not Amend The Complaint "As a Matter of Course"

Rule 15(a) governs the amendment of pleadings.  It provides:

(a) Amendments Before Trial.

> (1) Amending as a Matter of Course.  A party may amend its pleading once as a matter of course within:
>
> > (A)  21 days after serving it, or
> >
> > (B)  if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) Other Amendments.  In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).

       1.      <u>Plaintiffs May Not Amend Under Rule 15(a)(1)(A)</u>

Rule 15(a)(1)(A) allows amendment "within 21 days after serving" the original pleading. Plaintiffs cannot rely on Rule 15(a)(1)(A) because the parties stipulated to an expedited 97-day schedule for resolution of the Complaint on cross-motions for summary judgment and amendments as of course are not appropriate for litigation such as this that has proceeded past the early stages. Plaintiffs filed their Complaint on April 16, 2014, the Federal Defendants' counsel entered an appearance on April 22, 2014, Aspen Skiing moved to intervene on April 25, 2014, the parties submitted the Joint Stipulation on April 28, 2014, and the Federal Defendants lodged the administrative record on May 20, 2014. Dkt. Nos. 1, 4, 7, 11, 13. The Federal Defendants and Aspen Skiing agreed that "ground disturbing activities will not take place prior to August 18, 2014." Dkt. No. 11 at 3.

Plaintiffs may claim that none of that is relevant because due to a procedural glitch, the Complaint was never served on the Federal Defendants. Hence, Plaintiffs may claim, the 21-day period to amend "as a matter of course" has not yet run under Rule 15(a)(1)(A). The Court should reject that argument because it makes sport of the Joint Stipulation and demeans the integrity of the defendants who, in good faith, stipulated and followed an expedited schedule for prompt resolution of the Complaint without need for a preliminary injunction proceeding before the Court has time to resolve the parties' cross-motions for summary judgment. The purpose of Rule 15(a)(1)(A) is to permit "easy amendment in a situation where no significant developments in the case have occurred and where little time has passed." <u>Harris v. Sec'y, U.S. Dep't of Veterans Affairs</u>, 126 F.3d 339, 344 (D.C. Cir. 1997); <u>accord</u> 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1480 at 659 (2010). That is not the case here where the parties stipulated to a 97-day expedited schedule without the need for a

preliminary injunction proceeding, and Plaintiffs submitted an Amended Complaint without prior notice on day 50, and then moved for summary judgment on that Amended Complaint two business days later.

The Court should further reject Plaintiffs' efforts to amend without leave of Court because the text of Rule 15(a)(1)(A) allows amendment only "after" service of a pleading. The Rule permits amendment "within 21 days after serving" the pleading. If Plaintiffs take the formalistic position that the Complaint was not served, they must live with the consequence of that formalistic position under the Rule. If the Complaint was not served, the 21-day window to amend as a matter of course "after serving" the Complaint has not opened, and Plaintiffs may not rely on Rule 15(a)(1)(A) to submit the Amended Complaint.

### 2. Plaintiffs May Not Amend Under Rule 15(a)(1)(B)

Rule 15(a)(1)(B) allows amendment as a matter of course "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier," Rule 15(a)(1)(B).

Plaintiffs cannot rely on Rule 15(a)(1)(B) because no "responsive pleading is required" for Plaintiffs' Complaint. Under the Joint Stipulation, "Federal Defendants and Aspen Skiing Company … [were] excused from filing a responsive pleading to Plaintiffs' Complaint." Dkt. No. 11 at 3. The Court approved the Joint Stipulation by Minute Order entered April 28, 2014. Nor has any defendant filed a motion under Rule 12. Rule 15(a)(1)(B) does not apply.

### 3. The Amended Complaint Has No Legal Effect

An amended pleading that is submitted without the requisite leave of court "is without legal effect and any new matter it contains will not be considered unless the amendment is resubmitted for the court's approval." 6 Charles Alan Wright, Arthur R. Miller & Mary Kay

Kane, Federal Practice and Procedure § 1484 at 685 (2010). The D.C. Circuit applied that principle recently and ruled that an "amended complaint" that was filed without "the Government's consent, nor … leave of court" was "rightly disallowed" because the "amended complaint, which, absent consent or leave of court, was without legal effect." Schmidt v. United States, __ F.3d __, 2014 WL 164374, at *4 (D.C. Cir. April 25, 2014). That is the case here, and the Amended Complaint has no legal effect. Id.[9]

        B.       The Court Should Exercise Its Discretion To Strike the Amended Complaint

Because Plaintiffs may not amend the Complaint as a matter of course under either provision of Rule 15(a)(1), the Amended Complaint is subject to Rule 15(a)(2). That Rule provides: "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

For requests for leave to amend under Rule 15(a)(2), Courts shall "determine the propriety of amendment on a case by case basis." Harris v. Sec'y, U.S. Dep't of Veterans Affairs, 126 F.3d 339, 344 (D.C. Cir. 1997). "Whether to grant or deny leave to amend rests in the district court's sound discretion." Unique Indus. v. 965207 Alberta Ltd., 764 F. Supp.2d 191, 206 (D.D.C. 2011) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). The Supreme Court has instructed:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be "freely given."

---

[9] Accord U.S. ex rel. Mathews v. HealthSouth Corp., 332 F.3d 293, 296 (5th Cir. 2003) ("The failure to obtain leave results in an amended complaint having no legal effect."); Murray v. Archambo, 132 F.3d 609, 612 (10th Cir. 1998) ("[A]n amendment that has been filed or served without leave of court or consent of the defendants is without legal effect.").

Foman, 371 U.S. at 182.  A "District Court possesses sufficient familiarity with the circumstances of a case to exercise its discretion wisely and determine whether any of the five enumerated Foman factors, or others implied by the Court's 'etc.,' apply in a given case." Harris, 126 F.3d at 344.

Here, the cumulative effect of multiple Foman factors tips sharply in favor of the Court exercising its discretion to refuse to accept the Amended Complaint.

    1.  <u>Plaintiffs Unduly Delayed Submitting the Amended Complaint</u>

Undue delay is grounds for the Court to withhold leave for Plaintiffs to amend the Complaint.  Foman, 371 U.S. at 182.  The parties' conduct in the litigation and the possibility of resulting prejudice are pertinent to determining whether there is undue delay.  Atchinson v. Dist. of Columbia, 73 F.3d 418, 425 (D.C. Cir. 1997).  Undue delay exists where the amended pleading adds new claims or theories that are deemed burdensome given the litigation stage.  Unique Indus., Inc., 764 F. Supp.2d at 208 (refusing to accept amended pleading after close of discovery due to undue delay by party tendering it).

Plaintiffs unduly delayed submitting the Amended Complaint.  Plaintiffs did not notify defendants that they intended to file the Amended Complaint until June 5, 2014, four days before they moved for summary judgment on the same Amended Complaint.  Plaintiffs offered defendants no explanation for why they submitted an Amended Complaint on day 50 of the 97-day stipulated schedule other than stating their contention that leave of this Court is not required.  See Exhibit 1.  Nor did Plaintiffs request that the parties incorporate a deadline to amend the Complaint in the Joint Stipulation.  Dkt. No. 11.  Now there is no time.  The time required for Plaintiffs to file, and this Court to resolve, a motion to amend the Complaint cannot be incorporated into the stipulated schedule without materially disrupting it.  Dkt. No. 11.  That

proves that Plaintiffs unduly delayed in seeking leave to amend the Complaint. The fact that Plaintiffs unduly delayed seeking leave to amend, and now there is no time, is grounds to reject the Amended Complaint, not grounds to grant leave to amend. Foman, 371 U.S. at 182; Atchinson, 73 F.3d at 426-27.

        2.        The Amended Complaint Poses Unfair Prejudice to Defendants

Prejudice is grounds for the Court to refuse to accept the Amended Complaint. Foman, 371 U.S. at 182. The addition of new parties and new claims via an amended pleading may amount to unfair prejudice that justifies rejection of an amended pleading. Unique Indus., Inc., 764 F. Supp.2d at 208 (refusing to accept amended pleading because "it is clear that such last minute amendment would, if permitted, unfairly prejudice the defendant" because "the addition of new parties, new defenses and new claims would … result in even more delay").

The Amended Complaint prejudices defendants because it has the effect of injecting a new claim into this proceeding on the eve of summary judgment. That new claim is the third claim alleged in both the Complaint and in the Amended Complaint. Although alleged in both pleadings, it is effectively a new claim via the addition of Rocky Mountain Wild as a party plaintiff in the Amended Complaint because Plaintiffs alone cannot litigate the same claim in their original Complaint. This Court ruled that Plaintiffs are "prohibited" from bringing a claim to invalidate the Colorado Roadless Rule because Plaintiffs did not participate in that rulemaking process.[10] That is what the third claim in the Complaint and Amended Complaint is: a claim to invalidate the rulemaking process for the Colorado Roadless Rule with respect to all ski areas throughout the state. Dkt. No. 1 ¶¶ 71-74; Dkt. No. 16 ¶¶ 72-74. Plaintiffs The Ark Initiative

---

[10] The Ark Initiative v. Tidwell, Civ. No. 1:12-cv-01467 (JEB), Dkt. No. 37 at 4.

and Donald Duerr are clearly barred from making that claim.[11]  Rocky Mountain Wild is not subject to that ruling, and Plaintiffs allege that Rocky Mountain Wild participated in the rulemaking process.  Dkt. No. 16 ¶ 10.

For this reason, the Amended Complaint adds a new claim to this proceeding that Plaintiffs alone may not litigate: the challenge to the statewide Colorado Roadless Rule, Dkt. No. 16 ¶¶ 72-74.  The new claim is the principal focus of Plaintiffs' memorandum in support of summary judgment – of the 25 pages of merits argument, over 20 are devoted to the third claim to invalidate the Colorado Roadless Rule as to all Colorado ski areas.  See Dkt. No. 20.  Specifically, Plaintiffs argue – based on the alleged standing of Rocky Mountain Wild – that the Forest Service violated federal law when it made the statewide policy decision in the Colorado Roadless Rule to exclude from roadless status under the Rule over 8,000 acres of lands at multiple ski areas previously designated as roadless.  Dkt. No. 20.

The Amended Complaint unfairly prejudices Aspen Skiing.  Aspen Skiing has a total of 18 days to prepare its cross-motion for summary judgment.  Dkt. No. 11 at 2.  The case materially changed four days before that 18-day period began to run when Plaintiffs filed the Amended Complaint.  Rocky Mountain Wild has hijacked this suit for judicial review of the Forest Service's egress trail decision at Snowmass and attempted to transform it into a statewide effort to invalidate a rulemaking that Plaintiffs The Ark Initiative, Donald Duerr, and Scott Schlesinger did not participate in.  Plaintiffs identified no reason for their delay in amending the Complaint.  Plaintiffs have disregarded their obligation to seek leave of the Court because they submitted the Amended Complaint and moved for summary judgment on it four days later.  That

---

[11] 895 F. Supp.2d at 243; The Ark Initiative v. Tidwell, Civ. No. 1:12-cv-01467 (JEB), Dkt. No. 37 at 4.  Plaintiffs do not allege that Scott Schlesinger commented on or otherwise participated in the rulemaking for the Colorado Roadless Rule.  See Dkt. No. 1.

tactic is an admission that Plaintiffs cannot shoehorn into the expedited schedule in the Joint Stipulation a request to amend the Complaint. The expedited schedule simply does not accommodate it.

The prejudice to Aspen Skiing, along with Plaintiffs' lack of diligence in seeking leave to amend at any earlier point, justifies the Court exercising its discretion to refuse to accept the Amended Complaint so that the parties may brief cross-motions for summary judgment on Plaintiffs' Complaint in accord with the Joint Stipulation. See In re Vitamins Antitrust Litig., 217 F.R.D. 30, 33 (D.D.C. 2003) (denying motion to amend complaint to add new claims because "[a]llowing the addition of this claim at this time [would] create[] an undue delay in trial preparation and would thus be prejudicial"); Acosta-Mestre v. Hilton Int'l of Puerto Rico, Inc., 156 F.3d 49, 51-52 (1st Cir. 1998) (ruling that district court did not abuse its discretion in denying motion to amend complaint to add an additional party because the motion was tardy and the plaintiff lacked any sufficient exercise for delaying so long before seeking leave to amend). Rocky Mountain Wild may separately file a suit for judicial review of the Forest Service's statewide ski area policy decision made in the Colorado Roadless Rule process.

### 3. The Amended Complaint is Futile

Futility of amendment is grounds for the Court to refuse to accept the Amended Complaint. Foman, 371 U.S. at 182. "An amendment is futile if the proposed claim would not survive a motion to dismiss." Commodore-Mensah v. Delta Air Lines, Inc., 842 F. Supp.2d 50, 52 (D.D.C. 2012) (citation omitted). An amended pleading that asserts claims that the litigant failed to exhaust on administrative appeal "is futile because it fails to state a claim upon which relief can be granted." Tereshchuk v. Bureau of Prisons, 851 F. Supp.2d 157, 162 (D.D.C. 2012) (refusing to grant leave to amend complaint to permit plaintiff to assert claim that the plaintiff

failed to exhaust through agency administrative appeal process); <u>Oliver v. Napolitano</u>, 729 F. Supp.2d 291, 299 (D.D.C. 2010) (denying motion to amend complaint as "futile" because "the plaintiff has not exhausted her administrative remedies").

Exhaustion of administrative remedies prior to seeking judicial review of a Forest Service decision is mandated by statute applicable to the Forest Service and other agencies within the Department of Agriculture:

> (e) Exhaustion of administrative appeals
>
> Notwithstanding any other provision of law, a person shall exhaust all administrative appeal procedures established by the Secretary or required by law before the person may bring an action in a court of competent jurisdiction against –
>
> (1) the Secretary;
> (2) the Department; or
> (3) an agency, office, officer, or employee of the Department.

7 U.S.C. § 6912(e). The Forest Service appeal regulations at 36 C.F.R. Part 215 are "administrative appeal procedures established by the Secretary" within the meaning of the statute, and the regulations require a "plaintiff … to invoke and exhaust the appeal procedures in this part," <u>id.</u> § 215.21. The Amended Complaint is "an action in a court … against … an agency, office, officer, or employee of the Department" under the statute. Because exhaustion of administrative remedies is mandated by statute, as well as the fact that exhaustion is mandated by Forest Service regulations and the effect of the decision is stayed during the pendency of the administrative appeal process, 36 C.F.R. § 215.9(b), exhaustion is mandatory under 5 U.S.C. § 704. <u>Darby v. Cisneros</u>, 509 U.S. 137, 153 (1993) (ruling that in a case governed by the APA exhaustion "is a prerequisite to judicial review … when expressly required by statute or when an agency rule requires appeal before review and the administrative action is made inoperative pending that review.").

The Amended Complaint is futile because Rocky Mountain Wild did not exhaust its statutorily mandated administrative remedies prior to attempting to join this suit for judicial review of the Forest Service's 2013 egress trail decision. All three claims for relief in the Amended Complaint allege that the 2013 egress trail decision is contrary to law. Dkt. No. 16 ¶¶ 62-74.[12] The egress trail decision was subject to administrative appeal under agency regulations at 36 C.F.R. Part 215. Dkt. No. 16 ¶¶ 58-61. Rocky Mountain Wild did not administratively appeal the Forest Service 2013 egress trail decision under the appeal regulations at 36 C.F.R. Part 215. Dkt. No. 16 ¶¶ 58-61. Rocky Mountain Wild did not participate at all in the public National Environmental Policy Act administrative process that preceded the Forest Service's 2013 egress trail decision. Rocky Mountain Wild failed to exhaust its administrative remedies prior to attempting to join this lawsuit seeking to judicially invalidate the egress trail decision. Rocky Mountain Wild may not judicially challenge the Forest Service's egress trail decision.[13]

Nor can Rocky Mountain Wild rely on the existing Plaintiffs to vicariously exhaust its administrative remedies. The statute commands that "<u>a person</u> shall exhaust all administrative appeal procedures … before <u>the person</u>" may seek judicial review of the agency decision at

---

[12] The third claim alleges that the agency violated federal law in the rulemaking for the Colorado Roadless Rule, including with respect to the 2013 egress trail decision, which Plaintiffs reference as the "80 acres from the Burnt Mountain IRA." Dkt. No. 16 ¶¶ 72-74.

[13] 7 U.S.C. § 6912(e); <u>Darby v. Cisneros</u>, 509 U.S. at 153 (litigant in suit under the APA must exhaust administrative remedies required by statute prior to instituting suit for judicial review); <u>Shawnee Trail Conservancy v. U.S. Dep't of Agriculture</u>, 222 F.3d 383, 389 (7th Cir. 2000) ("Because the Forest Service regulations explicitly require exhaustion as a prerequisite to judicial review, and because the plaintiffs in this case did not pursue the available administrative appeals … the district court was correct in applying an administrative exhaustion requirement to the plaintiffs' APA claim."); <u>Kleissler v. U.S. Forest Serv.</u>, 183 F.3d 196, 200-01 (3rd Cir. 1999) (affirming entry of judgment against litigants that failed to exhaust administrative remedies under 36 C.F.R. Part 215 in lawsuit for judicial review of Forest Service timber decisions); <u>Shenandoah Ecosystems Defense Group v. United States Forest Serv.</u>, 144 F. Supp.2d 542, 556-57 & n.8 (W.D. Va. 2001) (refusing to consider two claims that plaintiff challenging Forest Service timber decision failed to exhaust under 36 C.F.R. Part 215).

issue. 7 U.S.C. § 6912(e) (emphasis added). "'Where Congress specifically mandates, exhaustion is required.'" Montanans For Multiple Use v. Barbouletos, 542 F. Supp.2d 9, 14 (D.D.C. 2008) aff'd, 568 F.3d 225 (D.C. Cir. 2009) (quoting McCarthy v. Madigan, 503 U.S. 140, 144 (1992)). In ruling that a party failed to exhaust its administrative remedies under 7 U.S.C. § 6912(e) prior to filing a lawsuit to invalidate a Forest Service decision, this Court observed "'[i]t is hard to imagine more direct and explicit language requiring that a plaintiff suing the Department of Agriculture, its agencies, or employees, must first turn to any administrative avenues before beginning a lawsuit.'" 542 F. Supp.2d at 14 (citing Gleichman v. U.S. Dep't of Agric., 896 F.Supp. 42, 44 (D.Me.1995)). Rocky Mountain Wild cannot piggy-back on the existing Plaintiffs' administrative appeal of the Forest Service's 2013 egress trail decision to satisfy the requirements of 7 U.S.C. § 6912(e) and 36 C.F.R. Part 215.[14]

The Court should strike the Amended Complaint, and deny Plaintiffs' leave to file it, because Rocky Mountain Wild did not exhaust the administrative remedies mandated by statute prior to seeking judicial review of the Forest Service's egress trail decision. 7 U.S.C. § 6912(e). Under these circumstances, the Amended Complaint is futile. Oliver, 729 F. Supp.2d at 297 (refusing to permit plaintiff to amend complaint to assert claims that plaintiff failed to exhaust through administrative appeal).

---

[14] See Peters v. District of Columbia, 873 F. Supp.2d 158, 183 (D.D.C. 2012) (rejecting contention that a plaintiff could rely on another party to vicariously exhaust administrative remedies statutorily mandated by 42 U.S.C. § 2000e); Wildlands CPR, Inc. v. United States Forest Serv., 872 F. Supp.2d 1064, 1073-1074 (D. Mont. 2012) (rejecting plaintiff's attempt to satisfy exhaustion demands of 7 U.S.C. § 6912(e) and 36 C.F.R Part 212 by relying on exhaustion by a nonparty).

## Conclusion

Aspen Skiing Company respectfully requests that the Court strike the Amended Complaint and withhold leave for Plaintiffs to amend the Complaint.

Respectfully submitted this 16th day of June, 2014.

>  */s/ Ezekiel J. Williams*
> Ezekiel J. Williams (DC Bar No. CO0056)
> Steven K. Imig (Colo. Bar No. 39016)
> Benjamin H. Kass (Colo. Bar No. 41934)
> Lewis, Bess, Williams & Weese P.C.
> 1560 Broadway, Suite 1400
> Denver, CO  80202
> Telephone:  303-861-2828
> Facsimile:  303-861-4017
> Email: zwilliams@lewisbess.com;
>   simig@lewisbess.com
>   bkass@lewisbess.com
>
> Attorneys for Intervenor-Defendant Aspen Skiing Company

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 16th day of June, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will automatically send notification of such filing to the following:

William Stewart Eubanks, II
Eric Robert Glitzenstein
Meyer Glitzenstein & Crystal
1601 Connecticut Avenue, NW, Suite 700
Washington, DC  20009
beubanks@meyerglitz.com
eglitzenstein@meyerglitz.com

Beverly F. Li
John P. Tustin
U.S. Department of Justice
Environment and Natural Resources Division
P.O. Box 7611
Washington, DC  20044-7611
beverly.li@usdoj.gov
john.tustin@usdoj.gov

                                              */s/ Greg Apt*